**IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| First Tennessee Bank, National Association, a National Banking Association, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 1539 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | Magistrate Judge Michael T. Mason |
| Lawyers Title Insurance Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiff First Tennessee Bank, National Association ("First Tennessee"), by its attorneys, and for its Amended Complaint against Defendant Lawyers Title Insurance Corporation ("Lawyers Title"), states as follows:

## THE PARTIES

1.     Plaintiff First Tennessee is a National Banking Association.  The main office of First Tennessee as set forth in its articles of association is Memphis, Tennessee. Pursuant to 28 U.S.C. § 1348, First Tennessee is a citizen of the State of Tennessee.

2.     Defendant Lawyers Title is a Virginia corporation with its principal place of business in Jacksonville, Florida.

## JURISDICTION AND VENUE

3.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because First Tennessee and Lawyers Title are citizens of different States and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to the claims in this action occurred in this judicial district and Lawyers Title is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

5.      First Horizon Home Loans is a Division of First Tennessee, Successor-In-Interest by Merger to First Horizon Home Loan Corporation ("First Horizon").

6.      On or about February 16, 2005, First Horizon made a second mortgage loan to Roosevelt L. Garrett secured by what was supposed to be a second mortgage on Garrett's property located at 1432 W. 105th Place, Chicago, Illinois (the "Mortgage").

7.      First Horizon purchased title insurance from Lawyers Title.  A copy of the original binder for the policy, issued on or about January 25, 2005, and titled ALTA Limited Coverage Junior Loan Policy number 05-00741, is attached as Exhibit A and incorporated herein by reference.  The ALTA Mortgagee's Policy (the "Policy") insuring First Horizon's Mortgage was issued as of February 28, 2005, the date the Mortgage was recorded with the Cook County Recorder of Deeds.  The Policy has the exact same terms and conditions set forth in the binder (Exhibit A), except that the "Date of Policy" is February 28, 2005.

8.      Under the Policy, Lawyers Title insured, "as of the Date of Policy, against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the insured by reason of … [a]ny monetary lien affecting the title."

9.      The Policy defines "monetary lien" as "any mortgage, deed of trust … or other lien affecting the title securing the obligation to pay money."

10.     First Horizon is an insured under the Policy.

11.     Lawyers Title issued the Policy to First Horizon as a contract of insurance.

2

12.     Pursuant to a letter issued in connection with the closing of the loan, dated February 16, 2005 (the "Letter"), Lawyers Title represented to First Horizon that the Mortgage "is a valid second lien."  A true and correct copy of the Letter is attached as Exhibit B and is incorporated herein by reference.

13.     First Horizon has paid all of the premiums required to be paid for the Policy, and First Horizon has otherwise discharged all of its duties in connection with the Policy.

14.     In reliance on the Policy and the Letter issued by Lawyers Title, First Horizon loaned $83,200 to Garrett for the Mortgage (the "Loan").

15.     After the issuance of the Policy and the Letter, and after First Horizon loaned the money to Garrett, First Horizon discovered that, contrary to Lawyers Title's representations, an intervening, superior second mortgage lien had been granted to another lender, Countrywide Home Loans, Inc., on February 8, 2005, and was recorded on February 24, 2005 by the Cook County Recorder of Deeds (the "Lien").  The Lien presumably takes priority over First Horizon's Mortgage.

16.     As a result of the Lien, First Horizon's Mortgage is being treated as a third mortgage lien on the Garrett property rather than the second mortgage lien that First Horizon expected and bargained for.

17.     At no time prior to the Loan or the placement of the Policy was First Horizon aware of the Lien.

18.     At no time prior to the Loan did Lawyers Title advise First Horizon of the intervening Lien.

19.     First Horizon would have not lent money to Garrett had it been aware of the intervening Lien.

20. The Policy obligates Lawyers Title to compensate First Horizon for any "loss or damage" sustained by First Horizon up to the limits of the Policy of $83,200. (Ex. A.)

21. First Horizon's actual "loss or damage" is the amount of the Loan, $83,200, which First Horizon loaned Garrett in reliance upon Lawyers Title's representations.

22. Garrett eventually defaulted on his first mortgage, the subject of which is a judicial foreclosure action pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, captioned *BAC Home Loans Servicing L.P. f/k/a Countrywide Home Loans Servicing, L.P. v. Roosevelt Garrett a/k/a Roosevelt L. Garrett, First Horizon Home Loan Corporation, Mortgage Electronic Registration Systems, Inc, as Nominee for Countrywide Home Loans, Inc., Unknown Heirs and Legatees of Roosevelt Garrett, if any, and Unknown Owners and Non Record Claimants*, Case No. 09 CH 18212 (the "Foreclosure"). First Horizon is a defendant in the Foreclosure.

23. Under the Policy, Lawyers Title is obligated to defend First Horizon in the Foreclosure.

24. Lawyers Title's defense obligations arise out of the following policy language: "The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the insured." (Ex. A, at 2.)

25. Lawyers Title was aware of the Foreclosure and its obligations to defend and indemnify First Horizon.

26. Lawyers Title has breached the Policy by failing to indemnify First Horizon or defend it in the Foreclosure as required by the Policy.

## COUNT I
### (Declaratory Judgment Regarding
### Lawyers Title's Obligation to Defend and Indemnify First Horizon)

27.     First Horizon incorporates and realleges Paragraphs 1 through 26 above as though fully set forth herein.

28.     The Policy obligates Lawyers Title to defend and indemnify First Horizon.

29.     Lawyers Title wrongfully refuses to defend or indemnify First Horizon pursuant to the terms of the Policy.

30.     An actual justiciable controversy exists between First Horizon and Lawyers Title concerning the parties' rights and obligations under the Policy, and whether and to what extent the Policy requires Lawyers Title to defend and indemnify First Horizon.

31.     The parties' controversy is ripe for adjudication and is properly before this Court pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

WHEREFORE, First Horizon respectfully requests that the Court enter judgment in its favor and against Lawyers Title, declaring that:

(a)     First Horizon is entitled to not less than $83,200.00 under the Policy for actual loss incurred because of a title defect; and

(b)     First Horizon is entitled to reimbursement for costs and attorneys' fees incurred defending the Foreclosure pursuant to the Policy.

First Horizon further prays that this Court grant such other and further relief as justice requires.

## COUNT II
### (Breach of Insurance Contract)

32.     First Horizon incorporates and realleges Paragraphs 1 through 31 above as though fully set forth herein.

33. The Policy issued by Lawyers Title creates a valid contract between First Horizon and Lawyers Title.

34. Pursuant to the Policy, Lawyers Title is obligated to defend and indemnify First Horizon.

35. First Horizon has paid all premiums, and performed all of its obligations and conditions precedent under the Policy.

36. Lawyers Title has failed to defend or indemnify First Horizon.

37. Lawyers Title has materially breached its obligations under the Policy.

38. As a direct and proximate result of Lawyers Title's breach, First Horizon has been deprived of the benefit of the insurance for which the premiums were paid.

39. Lawyers Title has breached the Policy by, among other things:

    a. Failing to indemnify First Horizon;

    b. Failing to defend First Horizon in the Foreclosure or pay First Horizon's defense costs;

    c. Failing to search the public records before issuing the Policy; and

    d. Failing to disclose the Lien to First Horizon.

40. Lawyers Title's breaches have caused and continue to cause First Horizon to incur damages and irreparable harm including, without limitation, losses under First Horizon's loan to Garrett, the impairment of the Lien, the loss of potential sale of the property due to the unmarketability of title, and the defense costs associated with defending the Foreclosure.

WHEREFORE, First Horizon respectfully requests that the Court enter judgment in its favor and against Lawyers Title in the amount of $83,200.00, plus First Horizon's defense

costs for defending the Foreclosure, First Horizon's attorneys' fees and costs in this litigation,

pre- and post-judgment interest, and grant such other and further relief as justice requires.

## COUNT III
### (Promissory Estoppel)

41.     First Horizon incorporates and realleges Paragraphs 1 through 40 above as

though fully set forth herein.

42.     Lawyers Title, through its words and/or conduct, represented and/or

promised to First Horizon that it had or would search the public record for any monetary liens

affecting the title to the property securing the Mortgage.

43.     Lawyers Title expressly represented to First Horizon that the Mortgage "is

a valid second lien."  (Ex. B.)

44.     Lawyers Title intended or expected that First Horizon would act upon its

representations and/or promises.

45.     First Horizon reasonably relied on Lawyers Title's representations and/or

promises that it would search the public records for any monetary liens affecting the title to the

property securing the Mortgage and that the Mortgage was a valid second lien.

46.     Lawyers Title failed to advise First Horizon of the Lien.

47.     In reliance on Lawyers Title's representations and/or promises, First

Horizon loaned $83,200 to Garrett, expecting and believing that its loan was secured by a valid

second mortgage lien on Garrett's property.

48.     First Horizon would have not lent money to Garrett had it been aware of

the Lien.

49.     Lawyers Title is estopped from denying that it promised to search the public records for any monetary liens affecting the title to the property securing the Mortgage, and from denying its representations that the Mortgage was a valid second lien.

50.     Lawyers Title's failure to search the public records for any monetary liens affecting the title to the property securing the Mortgage and its misrepresentations to First Horizon that the Mortgage was a valid second lien have caused and continue to cause First Horizon to incur damages and irreparable harm including, without limitation, losses under First Horizon's loan to Garrett, the impairment of the Lien, the loss of potential sale of the property due to the unmarketability of title, and the defense costs associated with defending the Foreclosure.

WHEREFORE, First Horizon respectfully requests that the Court enter judgment in its favor and against Lawyers Title in the amount of $83,200.00, plus First Horizon's defense costs for defending the Foreclosure, First Horizon's attorneys' fees and costs in this litigation, pre- and post-judgment interest, and grant such other and further relief as justice requires.

## COUNT IV
### (Equitable Estoppel)

51.     First Horizon incorporates and realleges Paragraphs 1 through 50 above as though fully set forth herein.

52.     Lawyers Title, through its words and/or conduct, falsely represented to First Horizon that it had or would search the public record for any monetary liens affecting the title to the property securing the Mortgage, or concealed from First Horizon the fact that it failed to search the public record for any monetary liens affecting the title to the property securing the Mortgage.

8

53.     Lawyers Title expressly represented to First Horizon that the Mortgage "is a valid second lien."  (Ex. B.)

54.     Lawyers Title knew at the time it made its representations that its representations were false or had no basis in fact.

55.     At the time Lawyers Title made its representations, First Horizon did not know the representations were false.

56.     Lawyers Title intended or expected that First Horizon would act upon its representations.

57.     First Horizon reasonably relied on Lawyers Title's representations that it would search the public records for any monetary liens affecting the title to the property securing the Mortgage and that the Mortgage was a valid second lien.

58.     Lawyers Title failed to advise First Horizon of the Lien.

59.     In reliance on Lawyers Title's representations, First Horizon loaned $83,200 to Garrett, expecting and believing that its loan was secured by a valid second mortgage lien on Garrett's property.

60.     First Horizon would have not lent money to Garrett had it been aware of the Lien.

61.     Lawyers Title is equitably estopped from denying that it promised to search the public records for any monetary liens affecting the title to the property securing the Mortgage, and from denying its representations that the Mortgage was a valid second lien.

62.     Lawyers Title's failure to search the public records for any monetary liens affecting the title to the property securing the Mortgage and its misrepresentations to First Horizon that the Mortgage was a valid second lien have caused and continue to cause First

Horizon to incur damages and irreparable harm including, without limitation, losses under First Horizon's loan to Garrett, the impairment of the Lien, the loss of potential sale of the property due to the unmarketability of title, and the defense costs associated with defending the Foreclosure.

WHEREFORE, First Horizon respectfully requests that the Court enter judgment in its favor and against Lawyers Title in the amount of $83,200.00, plus First Horizon's defense costs for defending the Foreclosure, First Horizon's attorneys' fees and costs in this litigation, pre- and post-judgment interest, and grant such other and further relief as justice requires.

## COUNT V
### (Declaratory Judgment Based on Estoppel)

63.     First Horizon incorporates and realleges paragraphs 1 through 62 above as if fully set forth herein.

64.     Lawyers Title received timely notice of the Foreclosure.

65.     The Foreclosure is litigation in which a third party asserts a claim or claims that may cause loss or damage to First Horizon based on a matter insured against under the Policy.

66.     The Policy obligates Lawyers Title to defend First Horizon and the second priority status of First Horizon's Mortgage in the Foreclosure.

67.     Lawyers Title failed to either defend First Horizon in the Foreclosure or timely seek a declaratory judgment that there is no coverage under the Policy.

68.     Lawyers Title is estopped to deny coverage for First Horizon's loss under the Policy.

WHEREFORE, First Horizon respectfully requests that the Court enter judgment in its favor and against Lawyers Title, declaring that:

(a)     Lawyers Title breached its duty to defend First Horizon in the Foreclosure;

(b)     Lawyers Title is estopped from denying coverage under the Policy;

(c)     First Horizon is entitled to not less than $83,200.00 under the Policy for actual loss incurred because of a title defect; and

(d)     First Horizon is entitled to reimbursement for costs and attorneys' fees incurred defending the Foreclosure pursuant to the Policy.

First Horizon further prays that this Court grant such other and further relief as justice requires.

## COUNT VI
### (Violation of Section 155)

69.     First Horizon incorporates and realleges paragraphs 1 through 68 above as if fully set forth herein.

70.     Lawyers Title failed and refused to defend or indemnify First Horizon as required under the Policy.

71.     Lawyers Title has no bona fide basis for refusing to defend or indemnify First Horizon.

72.     Lawyers Title has violated the Illinois Insurance Code, 215 ILCS 5/155, by vexatiously and unreasonably denying First Horizon's claim for coverage and loss, and by failing to defend First Horizon in the Foreclosure.

WHEREFORE, pursuant to Section 155 of the Illinois Insurance Code, 215 ILCS 5/155, First Horizon respectfully requests entry of a judgment in its favor and against Lawyers Title, plus First Horizon's defense costs for defending the Foreclosure, First Horizon's attorneys' fees and costs in this litigation, including attorneys' fees and costs going forward, pre- and post-

judgment interest, an additional monetary penalty as provided by Section 155 of the Illinois

Insurance Code, and grant such other and further relief as justice requires.

        First Horizon respectfully demands trial by jury as to all questions so triable as a

matter of right.

Dated:  March 29, 2011                 Respectfully submitted,


                                   /s/Bradley P. Nelson
                                   One of the attorneys for Plaintiff
                                   First Tennessee Bank, National Association

Bradley P. Nelson (nelson@sw.com)
Timothy C. Samuelson (samuelson@sw.com)
SCHOPF & WEISS LLP
One South Wacker Drive
28th Floor
Chicago, Illinois 60606
312-701-9300

## CERTIFICATE OF SERVICE

I, Bradley P. Nelson, an attorney, hereby state that I caused a copy of the attached

**Amended Complaint** to be filed electronically with the Clerk of the Court using the CM/ECF

system on this 29th day of March, 2011, which will automatically serve the following registered

individuals:

James A. Larson
Casey B. Hicks
Larson & Associates, P.C.
230 W. Monroe Street, Suite 2220
Chicago, Illinois 60606

/s/Bradley P. Nelson
One of the attorneys for Plaintiff
First Tennessee Bank, National Association